UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DOYLE L. HEARD,

    Plaintiff,

v.                            Case No.  4:20-cv-539-WS/MJF

MARK INCH, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This *pro se* prisoner civil action is before the court for screening of Plaintiff's first amended complaint under 28 U.S.C. § 1915A(b)(1). (Doc. 6). From a review of the complaint, it is evident that the facts as presented fail to state a facially-plausible claim for relief against the named Defendants. Therefore, the undersigned respectfully recommends that the District Court dismiss Plaintiff's first amended complaint pursuant to 28 U.S.C. §1915A(b)(1).[1]

### I. BACKGROUND

On November 4, 2020, Plaintiff, a "three-strike" prisoner pursuant to 28 U.S.C. § 1915(g), commenced this civil action pursuant to 42 U.S.C. § 1983 and

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

paid the filing fee. (Docs. 1, 3). On March 5, 2021, Plaintiff filed his first amended complaint. (Doc. 6).

According to Plaintiff, he was convicted in 1981 of robbery and kidnapping and a court sentenced him to fifteen years of imprisonment to be served consecutively to a term of fifty years of imprisonment. (Doc. 6 at 7). Plaintiff alleges that the sentence was imposed "under the Prison Reform Act of 1978, a (3-6-9) provision in accordance with the mandated (910) days credit each year that significantly reduced the overall requirements to (140 to 190) months, the salient matrix score factor." (*Id.*). Plaintiff further alleges that the Florida Department of Corrections ("FDC") applied "emergency and additional gain-time credits to reduce the population over crowded [sic] conditions, amounting to five (5) to seven (7) additional years of reduction off the Plaintiff's judicially imposed sentence." (*Id.*).

Plaintiff contends that according to these provisions, his fifteen-year sentence was completed in approximately six years (on or about October 1987). (Doc. 6 at 7). Thereafter, Plaintiff began service of his "second consecutive sentence [of] fifty years." (*Id.*). Plaintiff alleges that the fifty-year sentence "was to be executed the same as the first, 3-6-9, (910) days credited each year, salient matrix score (140-180) months (11 to 15) years, also credited (5 to 7) years of additional emergency early release awards." (*Id.* at 7-8).

Plaintiff contends that in 1983, the application of the "Prisoner Reform Act" made his sentence "more onerous" and resulted in "double, triple jeopardy." (Doc. 6 at 8). Essentially Plaintiff contends that the "Prisoner Reform Act" altered the calculation of good time. (*Id.*).

Plaintiff alleges that he notified Defendant Ron DeSantis, Governor of Florida, Defendant Mark S. Inch, Secretary of the FDC, and Defendant Melinda N. Coonrod, Commissioner of the Florida Commission on Offender Review of this "miscalculation," but none of the Defendants corrected or altered his sentence appropriately.

For relief, Plaintiff requests that this court immediately release him from custody and award him monetary damages. (Doc. 6 at 10).

## II. STANDARD

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded

factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.* The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A court also should dismiss a complaint for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

### III. DISCUSSION

The Supreme Court has held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)). Instead, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is determination that he is entitled to immediate release or a speedier release from that imprisonment, his *sole* federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500 (emphasis added); *Wilkinson*, 544 U.S. at 79 ("A § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement' and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." (internal citations omitted)); *Nance v. Comm'r, Ga. Dep't of Corr.*, 981 F.3d 1201, 1205 (11th Cir. 2020) ("Prisoners challenging their convictions or the duration of their sentences proceed exclusively through habeas, and prisoners challenging the conditions of their confinement proceed exclusively through section 1983."); *Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (A petition "for writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their imprisonment.")

Notably, "because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of physical confinement,' and thus lies at 'the core of habeas corpus.'" *Wilkinson*, 544 U.S. at 79 (alterations adopted) (internal citations omitted) (citing *Preiser*, 411 U.S. at 489, 482). Additionally, section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (discussing that a petition challenging Bureau of Prisons' administration of service credits, including calculating, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008) (holding that a petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); *Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004) (noting that a petition challenging pre-trial detention is properly brought pursuant to § 2241).

Although Plaintiff filed his first amended complaint pursuant to 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus petition—for the FDC to recalculate his release date so that he may be released sooner than the FDC plans to release him. This plainly cannot be brought pursuant to section 1983 because Plaintiff is challenging the "very fact or duration of his physical imprisonment" and

the relief he seeks is the "immediate release or a speedier release from that imprisonment."[2] *Preiser*, 411 U.S. at 500.

As to Plaintiff's claim for damages, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 485 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* For that reason, Plaintiff's claim for damages is not cognizable.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

---

[2] This is not the first time Plaintiff has improperly filed a section 1983 action to seek relief that can be granted only in a habeas action. Judge Maurice M. Paul dismissed an action filed by Plaintiff because Plaintiff improperly sought release from imprisonment through a section 1983 action. As Judge Paul stated: "Mr. Heard must bring such claims in a habeas petition, not a 42 U.S.C. § 1983 case." *Heard v. Florida*, No. 4:06-cv-510-MP-AK (N.D. Fla. Dec. 9, 2008) (Doc. 23).

1.	The District Court **DISMISS** Plaintiff's claims pursuant to 28 U.S.C. §1915A(b)(1).

2.	The clerk of the court be directed to close the case file.

At Pensacola, Florida, this 8th day of August, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636**