## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

DOYLE L. HEARD,

      Plaintiff,

v.                                       Case No. 4:20-cv-539-WS/MJF

RON DESANTIS, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

In this civil-rights action, Plaintiff Doyle L. Heard alleges that Defendants deprived him of "well over" 10,000 days of "gain-time awards." Heard alleges that in doing so, Defendants violated his constitutional rights in several respects. Because Heard's claims clearly imply that his not-previously-invalidated state confinement is unlawful, and *Heck v. Humphrey* precludes such a claim, the District Court should dismiss this action.

### I. BACKGROUND

On October 7, 2022, Heard filed a fourth amended complaint. Doc. 35 at 3-40. He is suing three defendants in their individual and official capacities: (1) Florida Governor Ronald DeSantis; (2) Ricky Dixon, the Secretary of the Florida Department of Corrections ("FDC"); and (3) Melinda N. Coonrod, a commissioner on the Florida Commission of Offender Review ("FCOR"). *Id.* at 4-5. Heard's

allegations are difficult to decipher. In an attempt to remedy this recuring problem, the undersigned repeatedly ordered Heard to amend his complaint and clarify his allegations, all without success. Docs. 27, 32. The following is the undersigned's good-faith effort to set forth the substance of those allegations.

In 1981, the State of Florida sentenced Heard to consecutive prison terms of 15 years for robbery and 50 years for kidnapping. *See* Doc. 35 at 18, 36. Heard contends that under the "Prison Reform Act of 1978," prisoners were required to serve only 50% to 65% of their sentences. *Id.* at 18. Thus, Heard completed his 15-year sentence for robbery six years later in 1987.  He then began serving his 50-year sentence for kidnapping. *See id.* at 18, 31. Heard contends that he should have completed his 50-year sentence for kidnapping in 17 years, "not withstanding [sic] early emergency release awarded credits." *Id.* at 18. As a result, Heard alleges that the FDC should have released him in 2004 at the latest.

In 1999, Heard was released on parole. Offender Information Search, http://www.dc.state.fl.us/OffenderSearch/Search.aspx (search DC Number for 079390).[1] In 2001, Heard violated the conditions of his parole and a Florida court

---

[1] The undersigned takes judicial notice of the information on the FDC's Offender Information Search website. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Federal Rule of Evidence 201(b) applies to publicly-available

revoked his parole. *Id.*; *see Heard v. Dep't of Corr.*, 264 So. 3d 214, 215 (Fla. Dist. Ct. App. 2018) (per curiam).

On July 19, 2011, Heard again was released on parole, even though his tentative release date was March 19, 2021.[2] According to the FCOR and FDC letters attached to Heard's fourth amended complaint, Heard was supposed to remain under supervision until July 4, 2039. Doc. 35 at 30-31. On or around February 15, 2012, Heard again violated the conditions of his parole when he absconded from supervision. *Id.*

On March 1, 2012, the FCOR issued a warrant for Heard's arrest. *Id.* Heard makes the conclusory assertion that this arrest warrant was "bogus" and "fraudulent" and that Defendants conspired against Heard in issuing the arrest warrant. *Id.* at 13, 17. Heard does not offer any facts to support this conclusion, however.

---

records of state agencies. *Dimanche v. Brown*, 783 F.3d 1204, 1213 n.1 (11th Cir. 2015); *Terrebone v. Blackburn*, 646 F.2d 997, 1000 n.4 (5th Cir. 1981) (en banc).

[2] Heard disputes that his then tentative release date ("TRD") was March 19, 2021. Heard attaches two letters to his fourth amended complaint: one letter is from the FCOR, and one letter is from the FDC. Doc. 35 at 30-31. The FCOR letter states that Heard's then TRD was March 19, *2021*; the FDC letter states that Heard's then TRD was March 19, *2012*. Although the letters are dated the same day, the FDC letter references the FCOR letter. Thus, it appears the then TRD reflected in the FDC letter is a typographical error made when relaying information from the FCOR letter. Regardless, in February 2012, Heard absconded from supervision well before either of the above dates occurred.

Although it is unclear, Heard apparently alleges that one or both of his parole violations ultimately resulted in the loss of more than 10,000 days of "gain-time awards." *See id.* at 10, 12. Heard contends that Defendants unlawfully deprived him of those "gain-time awards" because they inappropriately applied the "Prison Reform Act of 1983" and sections 944.28, 944.275, and 947.141(6) of the Florida Statutes. Doc. 35 at 9-10, 12.

Heard asserts several claims: (1) a violation of the Ex Post Facto Clause; (2) a violation of the cruel and unusual punishments clause of the Eighth Amendment; (3) a "deliberate indifference" claim under the Eighth Amendment; (4) a "double and triple jeopardy" claim under the Fifth Amendment; and (5) a "lack of probable cause" claim under the Fourth Amendment. *Id.* at 14-19. As relief, Heard requests the following:

> restoration, return of all gain-time credits accrued and withheld under the misapplied "Reform Act" and "fraudulently" altered, cancelled; totaling more than (25) years, compensation for each day belonging to [Heard], stolen, withheld, compensation deemed just, equitable and appropriate, as established.

*Id.* at 14 (errors in original).

## II. STANDARD

Because Heard is a prisoner, the District Court must review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it is

frivolous, is malicious, fails to state a plausible claim for relief, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b).

A court should dismiss a claim that is not supported by factual allegations, accepted as true, that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient. *See Twombly*, 550 U.S. at 555. A court also should dismiss a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But courts "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

### III. DISCUSSION

The Supreme Court, in *Heck v. Humphrey*, held that

to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Thus, a prisoner cannot use section 1983 to obtain damages or injunctive relief "where success *would necessarily* imply the unlawfulness of a (not previously invalidated) state confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005); *Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 763-64 (11th Cir. 2020).

A prisoner also cannot challenge the "lawfulness of confinement or [the] particulars affecting its duration" through a section 1983 action. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)). Rather, a prisoner may assert such a claim only in a habeas-corpus action. *Nance v. Ward*, 597 U.S. ___, 142 S. Ct. 2214, 2221-22 (2022); *Kerlin v. Barnard*, 742 F. App'x 488, 489 (11th Cir. 2018). "Habeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson*, 544 U.S. at 82). For example, a prisoner seeking the "restoration of good-time credits" must pursue an action in habeas corpus. *Wilkinson*, 544 U.S. at 79 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973)); *Santos v. White*, 18 F.4th 472, 476 (5th Cir. 2021) (noting that section 1983 preclusion applies to loss of good-time credits).

Although Heard purports to raise claims pursuant to various parts of the United States Constitution, in each of these claims Heard challenges the lawfulness of his current term of confinement:

- **"Ex Post Facto" claim** – Heard asserts that the "Prison Reform Act of 1983" and section 947.141(6) of the Florida Statutes are unconstitutional ex post facto laws as applied to him because they altered what "gain-time awards" were eligible for forfeiture upon a violation of parole.

- **"Cruel and Unusual Punishment" claim** – Heard asserts that "the Defendant" inflicted "cruel and unusual punishment" on Heard by failing to recognize and acknowledge section 947.141(6) does not apply to Heard because he was sentenced before 1997.

- **"Deliberate Indifference" claim** – Heard asserts that "Defendants displayed callous deliberate indifference" by ignoring Heard's "proof of the miscalculations, the misapplied rules, provisions and legal precedents." Heard also asserts that "[b]oth agencies" (the FCOR and presumably the FDC, although it is unclear) deny having forfeited 10,000 days of Heard's "gain-time."

- **"Lack of Probable Cause" claim** – Heard asserts that "Defendants are depriving [him of] proper calculation of the incentive awards." Heard also

alleges a "[c]onspiracy committed by Defendants in the issuance of the
bogus arrest warrant without violation."[3]

- **"Double and Triple Jeopardy" claim** – Heard alleges that "contrary to"
  the Fifth Amendment, he is "subject to twice (2) the amount of time in
  prison" because he was deprived of "well-over [10,000] days of accrued
  already earned gain-time awards."

Doc. 35 at 14-19 (errors in original).

Granting Heard relief on any of these claims necessarily would imply that his
current confinement is invalid and that he is entitled to "'immediate or speedier
release' from confinement." *Skinner*, 562 U.S. at 525 (quoting *Wilkinson*, 544 U.S.
at 82). For Heard to prevail, the District Court would necessarily have to conclude
that Defendants erred in issuing a warrant for Heard's arrest or in calculating the loss
of Heard's "gain-time awards." Heard, therefore, first must raise these claims in a
habeas-corpus action and must prevail in invalidating them.[4] *See Buntion v.*

---

[3] It is worth noting that although Heard labels this claim, "lack of probable cause,"
the FCOR does not need probable cause to issue an arrest warrant. Instead, a member
or duly authorized representative of the FCOR may issue an arrest warrant when he
"has reasonable grounds to believe that a parolee has violated the terms and
conditions of her or his parole in a material respect." Fla. Stat. § 947.22(1).

[4] It appears that Heard previously filed a habeas-corpus action in a Florida court in
which he raised the same claims he asserts in this action. *Heard*, 264 So. 3d at 214.
The Florida Court of Appeals held, for example, that Florida's decision to apply to
Heard the 1983 version of section 944.275 of the Florida Statutes did not constitute

*Lumpkin*, 31 F.4th 952, 966-67 (5th Cir. 2022) (holding that an Eighth-Amendment claim that would invalidate a sentence must be brought in a habeas-corpus action); *Hudson v. Mason*, 445 F. App'x 139, 140-41 (10th Cir. 2011) (holding that *Heck* barred claim that a detective violated the Fourth Amendment "by falsely swearing out an affidavit in support of an arrest warrant" for a parole violation); *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985) (per curiam) (noting that an *ex post facto* challenge "to the lawfulness of the parole commission's actions" must be brought in a habeas-corpus action).

## IV. CONCLUSION

Because Heard's claims necessarily imply that his current confinement is invalid and that he is entitled to immediate or speedier release from confinement, pursuant to *Heck v. Humphrey*, Heard is precluded from bringing this action. The undersigned, therefore, respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** Heard's claims under 28 U.S.C. § 1915A(b)(1); and

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>18th</u> day of October, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

a violation of the Ex Post Facto Clause because Heard benefited from the gain-time calculation under the 1983 version. *Id.* at 215-17.

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. If the parties dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**